STEVENS, Respondent, v. WHOLE WHEAT MILLING COMPANY, Appellant.

(172 N. W. 244).

(File No. 4496.   Opinion filed May 13, 1919.)

1. Negotiable Instruments—Indorsee's Suit—Contemporaneous Advertising Contract Re Approval of Soliciting Salesman—Oral Evidence Dehors Agreement, Competency—Principal, Notice to, Statute Construed.

Defendant executed to a newspaper advertising contest concern a promissory note, which was endorsed to plaintiff. In a suit thereon, it appearing that a written agreement was entered into between the maker and the advertising concern contemporaneously with the giving of the note, which agreement recited that the advertising agent "is merely a soliciting salesman, and all orders are subject to our approval or disapproval," and that purchaser must see to it "that all arrangements pertaining to this order are shown hereon;" held, that oral testimony by defendant's secretary as to contents of an claimed written agreement between defendant and the soliciting salesman providing for further things to be done by the advertising concern than those specified in the contemporaneous agreement, was incompetent, although offered for purpose of showing partial failure of consideration; there being no evidence that such further agreement came to notice of the principal. Held, further, that the rule embodied in Civ. Code 1903, Sec. 1687 (Rev. Code 1919, Sec. 1269), that as against a principal, both principal and agent are deemed to have notice of whatever either have notice of, etc., has no application to this case; the rule of law applicable being, that instructions modifying or limiting authority of agent, which are known to a person dealing with him, are as binding upon such person as they are

upon the agent; it appearing the defendant knew defendant was without authority to enter into any contract except by writing or printing on the agreement itself.

2. **Appeals—Error—Note, Endorsee's Suit, Non-necessity of Decision, Re Bona Fides in Defense**

Since appellant's defense would have been unavailing even if suit were by payee of note in suit, question of bona fides of respondent holder is not involved.

Appeal from Circuit Court, Minnehaha County. Hon. JOSEPH W. JONES, Judge.

Action by Fred L. Stevens, against the Whole Wheat Milling Company, a corporation, to recover upon promissory note. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Affirmed.

*Teigen & Davis,* for Appellant.

*Boyce, Warren & Fairbank,* for Respondent.

Appellant cited:

Civ. Code, Sec. 1687; Pomeroy's Eq. Jurisprudence, (3rd Ed.) Sec. 675; Armstrong v. Ashley, 204 U. S. 272, 51 L. Ed. 482; Boursot v. Savage, L. R. 2 Eq. 134; Mechem on Agency (2nd Ed.) Sec. 1823.

Respondent cited:

2 C. J. "Agency," pages 569, 607-8; Fulton v. Sword Medicine Co., (Ala.) 40 So. 393; Metropolitan Aluminum Co. v. Lau, 112 N. Y. S. 1059.

GATES, J. Action on a promissory note given by defendant to a newspaper advertising contest concern and by it indorsed to plaintiff as collateral security. The defense was a partial failure of consideration and that plaintiff was not a bona fide holder. Trial to the court. Findings, conclusions, and judgment for plaintiff. Defendant appeals.

[1] The written agreement entered into between appellant and the advertising concern contemporaneously with the giving of the promissory note contained this paragraph:

"Important.—Our agent is merely a soliciting salesman, and all orders are subject to our approval or disapproval. Purchaser must, therefore, see to it that all arrangements pertaining to this order are shown hereon either in printing or writing, as none others will be recognized. This order is given with a full understanding of all the conditions hereof, and after reading same."

Notwithstanding the above provision, the secretary of appellant gave oral testimony as to the contents of a claimed written agreement between appellant and the soliciting salesman providing for further things to be done by the advertising concern than those specified in the agreement. It is a claimed breach of this further agreement that is set up as a partial failure of consideration for the note. There is no evidence that any such further agreement came to the notice of the principal, the advertising concern; indeed, the evidence stands uncontradicted that the concern knew nothing thereof. Counsel for appellant invoke the doctrine of imputed notice as declared in section 1687, Civ. Code (section 1269, Rev. Code 1919):

"As against a principal, both principal and agent are deemed to have notice of whatever either has notice of, and ought, in good faith and the exercise of ordinary care and diligence, to communicate to the other."

[2] That rule of law has no application to the present situation. The rule of law that does apply is well stated in Corpus Juris as follows:

"Instructions modifying or limiting the authority of the agent, which are known to a person dealing with him, are as binding upon such person as they are upon the agent, and he can acquire no rights against the principal by dealing with the agent contrary thereto." 2 C. J. 569. § 1676 C. C. (Rev. Code 1919, § 1258).

The further agreement entered into by the agent was simply void because of the want of authority in the agent to make a binding contract in the manner it was made, of which want of authority the appellant had notice.

The appellant knew that the agent was without authority to enter into any contract or agreement except by writing or printing on the agreement itself. If the further agreement had been so made, it necessarily would have come to the knowledge of the principal.

[3] It being clear that appellant's defense would not have been available even if the action had been brought by the payee of the note, there is no occasion to go into the question of whether respondent is a bona fide holder of the note.

The judgment and order appealed from are affirmed.